2023 PA Super 131

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS GARETH KEVON DOVE | : | |
| | : | |
| Appellant | : | No. 1380 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 1, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003445-2020

BEFORE:  PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

OPINION BY OLSON, J.:                    **FILED: JULY 25, 2023**

Appellant, Marcus Gareth Kevon Dove, appeals from the September 1, 2022 judgment of sentence entered in the Court of Common Pleas of Berks County that imposed an aggregate sentence of 86 to 177 years' incarceration. On November 16, 2021, a jury convicted Appellant of rape of a child (4 counts), involuntary deviate sexual intercourse with a child (3 counts), aggravated indecent assault – complainant less than 13 years of age (1 count), indecent assault – complainant less than 13 years of age (2 counts), endangering welfare of children ("EWOC") (2 counts), and corruption of minors (2 counts).[1]  We affirm Appellant's convictions.  We vacate, in part, Appellant's judgment of sentence only insofar as it directs Appellant to comply with the requirements of Subchapter H of Pennsylvania's Sexual Offender

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(a)(7), 3126(a)(7), 4304(a)(1), and 6301(a)(1)(ii), respectively.

Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10 to 9799.40 and remand the case in accordance with this opinion.

The trial court summarized the factual history as follows:

[Appellant] is the stepfather to two female [minors, D.W., born March 2010, and S.S., born December 2005. Appellant] resided with [D.W.] and S.S. [in] Reading, Berks County, Pennsylvania.

When [D.W.] was 6 or 7 years of age, [Appellant] touched [D.W.'s] chest and vagina multiple times with his hand both over and under her clothes. [D.W.] and S.S. shared a bunk bed in a room at the residence. [D.W.] slept on the top [bunk] bed[,] and S.S. slept on the bottom [bunk bed]. When [D.W.] and S.S. were in their bunk bed[s, Appellant] would get into S.S.'s bed[,] and [D.W.] felt the [bunk bed] shaking. [Appellant] continued with this behavior until [D.W.] reached 9 years of age. [Appellant] stopped living in [the residence] around that time.

When S.S. was around 8 years of age, [Appellant] touched S.S.'s butt and vagina both over and under her clothes. When S.S. was 10 years old, [Appellant] put his penis inside of S.S.'s mouth, vagina[,] and anus. [Appellant] had vaginal intercourse with S.S. when she was 10 years old[,] and this [sexual assault] occurred multiple times [] until [S.S.] was 14 years old. When S.S. was around the age of 11 or 12, [Appellant] started putting his penis into her anus. This happened between 12-15 times. [Appellant] also put his penis into S.S.'s mouth and would ejaculate. When S.S. was around 10 or 11 years old, [Appellant] touched S.S.'s vagina with his hands and put his fingers inside [] her vagina. [Appellant] also put his mouth on S.S.'s vagina and put his tongue inside [her vagina]. S.S. was around 10 or 11 years of age when these incidents occurred[,] and [the incidents] continued until she was 14.

Trial Court Opinion, 11/15/22, at 2-3 (record citations omitted).

On November 16, 2021, a jury convicted Appellant of committing the aforementioned sexual offenses against the two minor victims. On July 26, 2022, and prior to sentencing, the trial court designated Appellant as a

sexually violent predator ("SVP") pursuant to SORNA - Subchapter H, having found that the Commonwealth met its burden by clear and convincing evidence.[2]   N.T., 7/26/22, at 19; **see also** Trial Court Order, 7/27/22; 42 Pa.C.S.A. § 9799.12 (defining "sexually violent predator").  On September 1, 2022, Appellant was sentenced as follows.  On each of the 4 counts of rape of a child (Counts 1 through 4), Appellant was sentenced to 20 to 40 years' incarceration.  As part of the sentence imposed at Count 1, Appellant received a credit of 695 days for time served.  The trial court directed that the sentences imposed at Counts 2, 3, and 4 should each run consecutively to the sentence imposed on the immediately-proceeding count.   On Count 8 (aggravated indecent assault – complainant less than 13 years of age), the trial court imposed a sentence of 5 to 10 years' incarceration, with the sentence set to run concurrently to the sentence imposed on Count 1.  On Count 9 (indecent assault – complainant less than 13 years of age), Appellant received a sentence of 1 to 7 years' incarceration, with the sentence set to run consecutively to the sentence imposed on Count 4.  On Count 10 (EWOC), Count 11 (corruption of minors), Count 12 (indecent assault – complainant less than 13 years of age), Count 13 (EWOC), and Count 14 (corruption of

---

[2] In the case *sub judice*, the sexual offenses against the two minor victims occurred between January 1, 2015, and August 6, 2020.  Trial Court Opinion, 11/15/22, at 1.  Subchapter H of SORNA applies in the case *sub judice* because Appellant committed the sexual offenses on or after December 20, 2012.  **See Commonwealth v. Thorne**, 276 A.3d 1192, 1193 n.1 (Pa. 2022) (stating, revised Subchapter H of SORNA applies to individuals who committed their sexual offenses on or after December 20, 2012).

minors), the trial court imposed a separate sentence at each count of 1 to 2 years' incarceration with each individual sentence set to run consecutively to the sentence imposed on the immediately-proceeding count. Appellant's convictions of involuntary deviate sexual intercourse (Counts 5, 6, and 7) merged for sentencing purposes. Overall, Appellant received an aggregate sentence of 86 to 177 years' incarceration. Sentencing Orders, 9/1/22; **see also** N.T., 9/1/22, at 28-31.

On September 8, 2022, Appellant filed a post-sentence motion, seeking a modification of his sentence on grounds it was excessive and repetitious. Appellant also requested that the trial court reconsider his SVP designation. The trial court denied Appellant's post-sentence motion on September 14, 2022. This appeal follows.[3]

Appellant raises the following issues for our review:

1. Whether Count 8[ (]aggravated indecent assault[)] should have merged with Count 1[ (]rape of a child[)] for sentencing purposes?

2. Whether the [trial] court abused its discretion in ordering an overall sentence which is manifestly excessive and by denying the post-sentence motion seeking a modification of the overall sentence?

3. Whether SORNA, which Appellant has been ordered to comply with, is unconstitutional as a legislative scheme in its use of a constitutionally infirm rebuttable presumption

---

[3] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

and in the punitive effects of its registration and notification provisions?

Appellant's Brief at 7 (extraneous capitalization omitted).

In his first issue, Appellant asserts that his conviction of aggravated indecent assault (Count 8) should have merged for sentencing purposes with his conviction of rape of a child (Count 1). *Id.* at 17-21. Such a claim raises a challenge to the legality of the sentence for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Quintua***, 56 A.3d 399, 400 (Pa. Super. 2012), *appeal denied*, 70 A.3d 810 (Pa. 2013).

Appellant was convicted of the following pertinent offenses under the Crimes Code:

## § 3121. Rape

. . .

**(c) Rape of a child.** - A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S.A. § 3121(c).

## § 3125. Aggravated indecent assault

**(a) Offenses defined.** - Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

. . .

- 5 -

(7) the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3125(a)(7).

Whether these offenses merge for sentencing purposes turns on Section 9765 of our Sentencing Code, which provides,

### § 9765.  Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.  Where crimes merge for sentencing purposes, the [trial] court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.  Thus, Section 9765 "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other."  *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).  "If both crimes require proof of at least one element that the other does not, then the sentences do not merge."  *Commonwealth v. Allen*, 856 A.2d 1251, 1253 (Pa. Super. 2004) (stating, the operative consideration in a merger analysis is "whether the elements of the offenses are the same or different), *relying on* **Commonwealth v. Anderson**, 650 A.2d 20 (Pa. 1994).

Pursuant to statutory definitions, to convict a defendant of rape of a child, the Commonwealth must prove beyond a reasonable doubt that (1) the defendant engaged in sexual intercourse with the child-victim, and (2) that the child-victim was under the age of 13.  *Commonwealth v. Hacker*, 15 A.3d 333, 336-337 (Pa. 2011); *see also* 18 Pa.C.S.A. § 3121(c).  To convict

a defendant of aggravated indecent assault of a child-victim under the age of 13, the Commonwealth must prove beyond a reasonable doubt that (1) the defendant penetrated, however slight, the genitalia or anus of the child-victim, with a part of the defendant's body, (2) the penetration was not done for a good faith medical, hygienic, or law enforcement procedure or purpose, and (3) that the child-victim was under the age of 13.[4]  **_Commonwealth v._**

---

[4] For purpose of defining the type of penetration necessary to establish a conviction of aggravated indecent assault, we examine the statutory definition of aggravated indecent assault.  A plain reading of the statutory definition, taking into consideration the qualifier clause, "[e]xcept as provided in," demonstrates that the term "penetration" for purpose of aggravated indecent assault cannot include the type of penetration necessary for a conviction of: rape (18 Pa.C.S.A. § 3121 – requiring penetration that amounts to sexual intercourse, as defined _infra_); statutory sexual assault (18 Pa.C.S.A. § 3122.1 – requiring penetration that amounts to sexual intercourse, except for acts that constitute rape); involuntary deviate sexual intercourse (18 Pa.C.S.A. § 3123 – requiring penetration that amounts to deviate sexual intercourse, which includes, _inter alia_, intercourse _per os_ and _per_ anus, as defined _infra_, between human beings (**_see_** 18 Pa.C.S.A. § 3101)); or sexual assault (18 Pa.C.S.A. § 3124.1 – requiring penetration that amounts to sexual intercourse or deviate sexual intercourse, except for acts that constitute rape or involuntary deviate sexual intercourse).  **_See_** 18 Pa.C.S.A. § 3125(a).

When the "exceptions clause" that appears at the beginning of the definition of the offense of aggravated indecent assault at Section 3125(a) is applied, we conclude that the term "penetration," for purposes of specifying the elements of aggravated indecent assault, cannot refer to the defendant's use of his penis to penetrate the complainant's genitalia or anus, nor can it refer to the defendant's use of his mouth/tongue to penetrate the complainant's genitalia.  Under Section 3101 and our interpretive case law, such conduct constitutes "sexual intercourse," which falls within the offense of rape of a child (Section 3121(c)) and is excluded by definition from the offense of aggravated indecent assault, as framed under Section 3125(a)(7).

*Hunzer*, 868 A.2d 498, 516 (Pa. Super. 2005); *see also* 18 Pa.C.S.A. § 3125(a)(7).

For the purpose of our discussion, "sexual intercourse" is defined, pursuant to Section 3101 of the Crimes Code, as "[i]n addition to its ordinary meaning, includes intercourse *per os* or *per* anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101; *see also Commonwealth v. Kelley*, 801 A.2d 551, 554 (Pa. 2002). Our Supreme Court, in *Kelley*, *supra*, stated that, for purpose of Section 3101, the term "intercourse" is defined as "physical sexual contact between individuals that involves the genitalia of at least one person." *Kelley*, 801 A.2d at 555 (brackets omitted). Thus, the definition of "sexual intercourse" encompasses vaginal sex (penetration, however slight, of a vagina with a penis), oral sex (penetration, however slight, of a mouth with a penis or penetration, however slight, of a vagina with a mouth/tongue), or anal sex (penetration, however slight, of the opening of the alimentary canal with a penis).[5] *Commonwealth v. Martin*, 101 A.3d 706, 729 (Pa. 2014); *see also Kelley*, 801 A.2d at 554-555. Digital penetration, however slight, of the vagina, mouth, or the opening of the complainant's alimentary canal does not qualify as "sexual

_____

[5] The term "penetration" is defined, *inter alia*, as the "passage of anything into or through a body." OXFORD ENGLISH DICTIONARY 2119 (Compact Ed. 1971).

intercourse" under Section 3101 of the Crimes Code.[6]  **Kelley**, 801 A.2d at 555.

While the crimes of rape of a child and aggravated indecent assault of a victim less than 13 years of age both require the Commonwealth to identify a child-victim under 13 years of age and to prove an act of penetration, however slight, both offenses require proof of at least one element the other does not. The crime of rape of a child requires the Commonwealth to demonstrate that the defendant engaged in "sexual intercourse" with a child-victim in accordance with the definition of "sexual intercourse" found in Section 3101. Therefore, the crime of rape of a child includes an element not present in the crime of aggravated indecent assault of a victim less than 13 years of age.

Similarly, the crime of aggravated indecent assault of a victim less than 13 years of age includes an element that is not included within the statutory definition of rape of a child. In particular, as discussed *supra*, to sustain a conviction for aggravated indecent assault of a victim less than 13 years of age, the Commonwealth must establish that, **except as provided in Section 3121 (relating to rape)**, as well as certain other provisions of the Crimes Code, the defendant penetrated, however slightly, the genitalia or anus of a

---

[6] The **Kelley** Court explained that digital penetration of a vagina does not qualify as "sexual intercourse" because sexual intercourse "within its ordinary meaning" involves the penetration of a vagina by a penis. **Kelley**, 801 A.2d at 555. Digital penetration of a victim's mouth or opening of the alimentary canal also does not qualify as "sexual intercourse" because neither act of penetration involves the genitalia, *i.e.*, reproductive organ, of one of the persons involved. **Id.**

complainant less than 13 years of age with a part of his or her body for some purpose other than a good faith medical, hygienic, or law enforcement procedure. *See* 18 Pa.C.S.A. § 3125(a)(7). By definition, the statutory provisions that define the offense of aggravated indecent assault exclude the activity (*i.e.*, "sexual intercourse" as defined by Section 3101 of the Crimes Code and the interpretive case law) proscribed by Section 3121. As such, the "penetration" that must be proven to sustain a conviction for aggravated indecent assault cannot be the same type of "penetration" that is criminalized under Section 3121 (rape).

Moreover, in the case *sub judice,* these two crimes did not arise from the same criminal act.

> When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity. The issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

*Commonwealth v. Martinez*, 153 A.3d 1025, 1030 (Pa. Super. 2016) (citation and quotation marks omitted). "In determining whether two or more convictions arose from a single criminal act for purposes of sentencing, [this Court] must examine the charging documents filed by the Commonwealth[,]" including the criminal information, criminal complaint, and affidavit of probable cause. *Id.* at 1031-1032. Where the documents filed by the Commonwealth "describe the operative facts in such a way as to distinguish

the specific conduct underlying the offenses," then the offenses are the result of multiple criminal acts for purpose of avoiding merger at sentencing. *Id.* at 1032.

Here, the criminal complaint charged Appellant with 4 counts of rape of a child based upon the fact that Appellant "did have anal intercourse, vaginal intercourse, did perform oral sex on [S.S.], and did receive oral sex from [S.S.]" Criminal Complaint, 11/24/20, at Offense #1. Thus, the plain reading of these 4 counts of rape of a child, as described in the criminal complaint, are based upon episodes involving vaginal, oral, and anal intercourse. Although the criminal complaint asserted a generic charge of aggravated indecent assault, setting forth a recitation of the statutory crime as the factual basis in support of the charge, the affidavit of probable cause attached to the criminal complaint stated that Appellant "did on multiple occasions, insert his finger into S.S.'s vagina, did force her to perform oral sex on him, did perform oral sex on her, and did have both vaginal and anal intercourse with her."[7] Affidavit of Probable Cause, 11/24/20, at ¶4. Upon review, the Commonwealth alleged criminal acts, namely digital penetration, to support a charge of aggravated indecent assault of a child, that were distinct and delineated from the conduct supporting the rape of a child charges. This

---

[7] The distinct and separate criminal acts, which constituted the various charges, were further supported by the victim's testimony at trial. N.T., 11/15/21, at 96-101.

distinction between the various criminal acts and corresponding criminal charges is further highlighted by the verdict slip in which the 4 counts of rape of a child indicated that they were based on the acts of "vaginal penetration with penis, anal penetration with penis, oral penetration with penis, and vaginal penetration with tongue." Verdict Slip, 11/16/21, at Counts 1-4. Therefore, we conclude, based upon review of the record, that the rape of a child (4 counts) and aggravated indecent assault of a child sexual offenses were based on discrete and distinct criminal acts for the purpose of avoiding merger at sentencing. *See Commonwealth v. Montgomery*, 687 A.2d 1131, 1139 (Pa. Super. 1996) (holding that, convictions for rape and aggravated indecent assault do not merge for sentencing purposes when each crime is predicated on separate and distinct factual findings).[8]

---

[8] In his brief Appellant asserts that under the "evidentiary approach" for determining whether a particular offense is a lesser-included offense, his conviction of aggravated indecent assault of a child is a lesser-included offense of rape of a child. Appellant's Brief at 20. Appellant explains that under the evidentiary approach, the "lesser offense may have elements distinct from the greater offense and still be considered a lesser-included offense, as long as the evidence presented at trial to prove the greater offense actually establishes the elements of the lesser offense." *Id.*, *relying on* *Commonwealth v. Sims*, 919 A.2d 931 (Pa. 2007). We find Appellant's argument to be of no avail and his reliance on *Sims*, *supra*, to be misplaced. As a preliminary matter, *Sims* predates *Baldwin* and its confirmation that Section 9765 governs the analysis of whether the merger of sentences must be ordered. Moreover, in *Sims*, our Supreme Court addressed whether a defendant could be **convicted** of a lesser-included offense when he had only been charged with the greater offense. *Sims*, 919 A.2d at 933. The *Sims* Court recognized that in determining whether two offenses merged for purposes of sentencing, "courts should use the statutory elements approach but with an eye to the specific allegations levied in the case." *Id.* at 939

In his second issue, Appellant challenges the discretionary aspects of his sentence, arguing that the trial court abused its discretion when it imposed a manifestly excessive sentence. Appellant's Brief at 7.

> It is well-settled that "the right to appeal [the] discretionary aspect[s] of [a] sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):
>
> > An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
> >
> > We conduct a four-part analysis to determine: (1) whether [the] appellant [] filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

---

(citation and original quotation marks omitted). The ***Sims*** Court explained, however, that the statutory elements approach was broader than necessary to determine whether a defendant could be convicted of a lesser-included offense when charged with a greater offense. ***Id.*** Instead, the ***Sims*** Court held that the evidentiary approach was appropriate to determine whether a defendant could be convicted of a lesser-included offense when charged with a greater offense. ***Id.***

To the extent Appellant invites this Court to adopt the "evidentiary approach" in determining whether offenses **merge** for sentencing purposes, we decline Appellant's invitation. Rather, our analysis is controlled by the plain language of Section 9765 of the Sentencing Code which sets forth the use of the statutory elements approach with an eye to the specific allegations levied against a defendant to determine if the offenses were part of a single criminal act.

> sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [***Moury***, 992 A.2d] at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

***Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted). If an appellant fails to challenge the discretionary aspects of a sentence either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then the appellant's challenge is waived. ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013). A substantial question exists when an appellant presents a colorable argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code or (2) is "contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Here, the record reflects that Appellant filed a timely notice of appeal and properly preserved a challenge to the discretionary aspects of his sentence in a post-sentence motion requesting a reduction of sentence on the ground that his sentence was excessive and repetitious. Post-Sentence Motion, 9/14/22, at ¶4. Appellant also included a Rule 2119(f) statement in his brief. Appellant's Brief at 8. In his Rule 2119(f) statement, Appellant argues that the trial court imposed a manifestly excessive sentence when it ordered that the majority of the individual sentences were set to run

consecutively. *Id.* Appellant asserts that the consecutive nature of his individual sentences was "inappropriate and contrary to the fundamental norms underlying the Sentencing Code" based upon the trial court's consideration of "[t]he history and characteristics of Appellant as set forth in the pre[-]sentence [investigation] report[,] the [trial] court's observations of Appellant during trial and sentencing[,] the [trial] court's findings upon which the sentence was based[,] and the sentencing guidelines." *Id.* (extraneous capitalization and original quotation marks omitted, paragraph formatting modified). In so arguing, we find that Appellant failed to raise a substantial question.

It is well-established that "Pennsylvania law affords the [trial] court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013); *see also* 42 Pa.C.S.A. § 9721(a) (stating that, a trial court may order sentences to run consecutively or concurrently). "Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Austin*, 66 A.3d at 808 (original quotation marks omitted), *citing Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). As this Court has long-held, an appellant is not entitled to a "'volume discount' for his crimes by having all sentences run concurrently." *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995). "[T]he imposition of consecutive, rather than concurrent, sentences may raise a

substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Lamonda**, 52 A.3d at 372. The "key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." **Austin**, 66 A.3d at 808 (citation omitted).

In the case *sub judice*, a jury convicted Appellant of the aforementioned sexual offenses based upon his sexual abuse of S.S. and the subjugation of her sister, D.W., at times, to witness and be present for episodes of sexual abuse. These sexual offenses began when the child-victims were around 8 years of age (S.S.) and 6 or 7 years of age (D.W.), and continued for several years until S.S. was 14 years of age. The sexual offenses began with inappropriate touching and kissing and escalated over the years to acts of vaginal, oral, and anal intercourse, with multiple separate instances of sexual assault. Appellant does not challenge his sentence on the basis that the trial court failed to consider the factors outlined in 42 Pa.C.S.A. § 9721(b), failed to set forth its explanation for its sentence on the record, or sentenced Appellant outside of the sentencing guidelines. Rather, in his Rule 2119(f) statement, Appellant concedes that the trial court, in sentencing Appellant, set forth its reasons for imposing the individual sentences on the record, considered the Section 9721(b) factors, including Appellant's history and characteristics, and was aided in fashioning its sentence by consideration of a

pre-sentence investigation report. Appellant's assertion that his overall sentence is excessive is merely a request by Appellant for a "volume discount" on the number of heinous sexual offenses he committed against two child-victims while in a position of trust as their step-father. Thus, in light of the criminal conduct at issue, and the length of incarceration, we conclude that the trial court's imposition of consecutive individual sentences in this case does not raise a substantial question. *See Prisk*, 13 A.3d at 533 (concluding that, an excessive sentence claim, which was based upon the imposition of consecutive individual sentences resulting in an aggregate sentence of 633 to 1500 years' incarceration, did not raise a substantial question where the appellant was convicted of committing 314 sexual offenses against his stepdaughter over a 6-year period).[9]

_____

[9] Assuming *arguendo* that Appellant's claim raised a substantial question, his challenge to the imposition of consecutive sentences as excessive would still merit no relief. In his brief, Appellant argues,

> The sentencing guidelines should offer some guidance, any guidance, as to whether or not to make certain [sentences run] consecutive[ly] or concurrent[ly]. The guidelines are "[w]hatever the judge wants" when it comes to consecutive and concurrent sentences which is no guidance at all. Considering that this is the difference, in this case, of being eligible for parole in 10 years or essentially receiving a life sentence, the guidelines are hopelessly deficient.

Appellant's Brief at 23.

Appellant's argument is an invitation for this Court to step into the shoes of the trial court and re-weigh, *inter alia*, the circumstances of the case and the Section 9721(b) sentencing factors, including the history and characteristics

Appellant's third issue challenges the constitutionality of Subchapter H of SORNA.  Appellant's Brief at 24-25.  In particular, Appellant alleges that SORNA improperly "employs an irrebuttable presumption that is not universally applicable," namely that "[s]exual offenders pose a high risk of committing additional sexual offenses[.]"  ***Id.*** at 25; ***see also*** 42 Pa.C.S.A. § 9799.11(a)(5) (setting forth the legislative findings in support of SORNA).  Appellant further argues that SORNA's punitive nature offends ***Apprendi v. New Jersey***, 530 U.S. 466 (2000)[10] and ***Alleyne v. United States***, 570 U.S. 99 (2013),[11] results in a criminal sentence in excess of the statutory maximums, violates the federal and state constitutional proscriptions against cruel and unusual punishment, and breaches the doctrine of separation of

_____

of Appellant, to arrive at a different sentence and seemingly afford Appellant a volume discount for this crimes.  We decline Appellant's invitation.

As discussed *supra*, Pennsylvania law affords the trial court discretion to impose concurrent or consecutive sentences.  ***See Austin***, 66 A.3d at 808; ***see also*** 42 Pa.C.S.A. § 9721(a).  This Court can only vacate a sentence and remand for resentencing upon finding one of the errors enumerated in 42 Pa.C.S.A. § 9781(c).  We discern no Section 9871(c) error in the case *sub judice*.  Therefore, Appellant is not entitled to relief.

[10] In ***Apprendi***, the Supreme Court of the United States held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  ***Apprendi***, 530 U.S. at 490.

[11] In ***Alleyne***, the Supreme Court of the United States similarly held that, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  ***Alleyne***, 570 U.S. at 103 (citation omitted).

powers. Appellant's Brief at 25. Appellant raises these challenges to the constitutionality of SORNA – Subchapter H for the first time on appeal.[12] **See** Appellant's Rule 1925(b) Statement, 10/11/22; **see also** Appellant's Brief at 24-25; Appellant's Post-Sentence Motion, 9/14/22.

Generally, an issue that is raised for the first time on appeal is waived, and this Court cannot review the issue on appeal. **See** Pa.R.A.P. 302(a) (stating, as a general rule, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). Recently, our Supreme Court held that constitutional challenges to SORNA – Subchapter H implicate the legality of a sentence and cannot be waived on the basis that such claims were raised for the first time on appeal. **Thorne**, 276 A.3d at 1198. Because Appellant's constitutional challenges were presented for the first time on appeal, however, there is no factual record before us. Therefore, in consonance with **Thorne**, **supra**, we remand this case for further development of the record related to Appellant's challenge to the constitutionality of SORNA – Subchapter H.

---

[12] In support of his argument, Appellant relies upon, and cites to, a decision by the Court of Common Pleas of Chester County, in **Commonwealth v. Torsilieri**, that, upon remand from our Supreme Court, found SORNA – Subchapter H unconstitutional for the reasons Appellant asserts in the case *sub judice*. **See** Appellant's Brief at 25, *citing* **Commonwealth v. Torsilieri**, No. 15-CR-0001570-2016 (C.P. Chester Co., filed Aug. 23, 2022) (unpublished trial court opinion); **see also Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) (remanding the case for further development of appellant's constitutional challenges to SORNA – Subchapter H). The Court of Common Pleas of Chester County decision is currently pending before our Supreme Court at Supreme Court docket number 97 MAP 2022.

Convictions affirmed. Judgment of sentence vacated, in part, insofar as Appellant is required to comply with the requirements of SORNA – Subchapter H. Case remanded for further development of Appellant's challenge to the constitutionality of SORNA – Subchapter H. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/25/2023