J-S41039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACK R MACFARLANE JR. | : | |
| | : | |
| Appellant | : | No. 272 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 3, 2023
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000206-2022

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: December 28, 2023**

Appellant, Jack R MacFarlane, Jr., appeals from the judgment of

sentence entered in the Court of Common Pleas of Blair County that imposed

upon him an aggregate sentence of 10 to 20 years' incarceration, followed by

10 years' probation, after he pleaded guilty to multiple sex crimes.   Herein,

he raises state constitutional challenges to the requirements of Revised

Subchapter H of Pennsylvania's Sexual Offender Registration and Notification

Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10 to 9799.40.[1]    Because his

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Following **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017)
(plurality), *cert. denied*, 583 U.S. 1107, 138 S.Ct. 925, 200 L.Ed.2d 213
(2018) and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017)
("**Butler I**"), *rev'd*, 657 Pa. 579, 226 A.3d 972 (2020) ("**Butler II**"), the
Pennsylvania General Assembly enacted legislation to amend SORNA I. **See**
Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10").   Act 10 amended several
*(Footnote Continued Next Page)*

constitutional challenges are presented for the first time on appeal, we vacate judgment of sentence only insofar as it directs him to comply with Revised Subchapter H of SORNA and remand for further development of the relevant factual record.

The trial court provides the undisputed facts and procedural history of the present matter, as follows:

> The Defendant [(hereinafter "Appellant")] was charged by Criminal Information on or about May 2, 2022. The Commonwealth charged Appellant with various sexual offenses including six counts of involuntary deviate sexual intercourse, two counts of statutory sexual assault, one count of unlawful contact with minor, one count of aggravated indecent assault, one count of corruption of minors, one count of intimidation, retaliation or obstruction in child abuse case, two counts of indecent assault and one count of selling or furnishing alcohol to a minor. The case proceeded through the pre-trial process.
>
> Appellant pled guilty [on all counts] on November 18, 2022, pursuant to a plea agreement with the Commonwealth. [The trial court] sentenced Appellant on February 3, 2023, on seven counts. Appellant's aggregate sentence was 10 to 20 years of

---

provisions of SORNA I and added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA I provisions, effective June 12, 2018. *See* Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29"). Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.10-9799.42. Based on Appellant's offense date in this case, the applicable registration requirements fall under Revised Subchapter H.

incarceration which included charges of involuntary deviate sexual intercourse of person less than 16 years of age and statutory sexual assault. Appellant was also sentenced to an additional 10 years of probation running consecutive to his incarceration. [During the sentencing hearing, Appellant, who was accompanied by counsel, signed the Tier III Notice of Registration Requirements without objection.]

On March 6, 2023, Appellant filed a [timely] Notice of Appeal. [The trial court issued an Order on March 8, 2023, directing Appellant to file a Concise Statement of Matters Complained of on Appeal. As indicated above, Appellant filed his Concise Statement of Matters Complained of on Appeal on April 11, 2023.

Trial Court Opinion, 4/19/23, at 1-2.

Appellant presents the following issue for this Court's consideration:

Does the lifetime registration of persons convicted of Tier III sexual sentences whose maximum sentence is twenty (20) years violate the Pennsylvania Constitution?

Brief for Appellant, at 5.

The constitutionality of a statute presents a "pure question of law," over which our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Brooker***, 103 A.3d 325, 334 (Pa. Super. 2014). Our Supreme Court has also offered the following discussion of the burden borne by those seeking to invalidate a statutory scheme on constitutional grounds:

In addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is subject to judicial review to protect the constitutional rights of all citizens." ***In re J.B.***, 107 A.3d 1, 14 (Pa. 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution." ***Id***.

***Commonwealth v. Torsilieri***, 232 A.3d 567, 575 (Pa. 2020).

Appellant's first two constitutional challenges assert that the clause within Article I, Section I of the Pennsylvania Constitution recognizing individual rights to protect one's reputation and to pursue one's own happiness precludes the imposition of SORNA's Revised Subchapter H, Tier III lifetime registration requirement with the Pennsylvania State Police.[2]  In support of this argument, Appellant claims that because his registration and reporting requirements under SORNA will extend beyond his 20-year sentence, he "would be precluded from protecting his reputation due to the mandates and list-making and internet web sites which the Commonwealth and State Police provide to the public."   Brief of Appellant at 7.  As for his right to pursue happiness, he essentially argues the lifetime stigma carried under this protocol causes adverse economic and social consequences that implicitly deny this right. *Id*.

Initially, we inquire whether Appellant may gain this Court's review of these constitutional issues when he failed to raise them first with the trial court.  On this question, both the trial court and the Commonwealth conclude he waived the issues because he failed to preserve them with a timely objection lodged with the trial court.

---

[2] The Pennsylvania Constitution provides that "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, *possessing and protecting* property and *reputation*, and of *pursuing their own happiness*." Pa. Const. art. I, § 1 (emphasis added).

In general, issues not properly raised and preserved before the trial court "are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a); *see also Commonwealth v. Hill*, 659 Pa. 359, 238 A.3d 399, 407 (2020) (noting issues not raised in trial court are waived and cannot thereafter be raised for first time on appeal). An appellate issue implicating the legality of one's sentence, however, is an exception to the issue preservation requirement and cannot be waived. *See Commonwealth v. Thorne*, 276 A.3d 1192, 1196 (Pa. 2022) ("Stated succinctly, an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may [even] raise and address such an issue *sua sponte*. *Hill*, 238 A.3d at 407").[3]

Nevertheless, our jurisprudence has declined to construe issues raising due process rights to reputation as legality of sentencing claims for purposes of avoiding waiver:

_____

[3] In *Thorne*, our Supreme Court explained,

> In other words, our ruling today—*i.e.*, that constitutional challenges to the lifetime registration requirement set forth in Revised Subchapter H, implicate the legality of a sentence and, therefore, cannot be waived—would have no meaning if individuals seeking to challenge Revised Subchapter H on constitutional grounds were required to present evidence in support thereof during his/her underlying criminal proceedings in order to preserve the issue.

*Thorne*, *supra* at 1198 n.13.

Preliminarily, we note that several of [Appellant Snyder's] arguments implicate alleged due process violations predicated upon [his] right to reputation pursuant to Article 1, §§ 1 and 11 of the Pennsylvania Constitution. *See* Rule 1925(b) Statement, 8/7/19, at ¶ 6(a)-(c), (e); Appellant's brief at 19-24; *see also* PA. CONST. Art. 1, §§ 1, 11. As noted above, *Thorne* reaffirmed the axiomatic principle of Pennsylvania law that claims concerning the legality of a defendant's sentence cannot be waived. *See Thorne*, *supra* at 1197-98. However, this Court has historically rejected attempts to style due process claims as pertaining to the legality of a defendant's sentence. *See*, *e.g.*, *Commonwealth v. Wallace*, 533 A.2d 1051, 1053-54 (Pa. Super. 1987) (collecting cases). Moreover, our Supreme Court held in *Commonwealth v. Muniz*, 164 A.3d 1189, 1195 n.7 (Pa. 2017), *superseded by statute on separate grounds as recognized in Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), that a defendant waived similar due process arguments under the Pennsylvania Constitution by failing to raise them in the trial court. Accordingly, we conclude that [Appellant Snyder's] constitutional claims predicated solely upon alleged due process violations are waived. *Id*.; *accord Thorne*, *supra* at 1197 (noting that a constitutional claim addressed at an alleged due process violation did not implicate legality of a sentence).

*Commonwealth v. Snyder*, 292 A.3d 1106 (Pa. Super. 2023) (unpublished memorandum, January 19, 2023).[4] We employ the same rationale herein to conclude that Appellant's first two issues are subject to waiver, as they fail to implicate the legality of his sentence.

In Appellant's remaining constitutional challenge raised for the first time on appeal, he posits that the Revised Subchapter H, Tier III registration and reporting requirements inflict cruel punishment on him in contravention of the Pennsylvania Constitution's Article I, Section 13. Such a claim indisputably

---

[4] *See* Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

- 6 -

implicates the legality of one's sentence and cannot be waived on the basis that it was raised for the first time on appeal. **Thorne**, **supra** at 1196, 1198; **Snyder**, **supra**. Furthermore, he contends this claim falls squarely under the Pennsylvania Supreme Court's decision in **Torsilieri**, which remanded for a full evidentiary hearing to allow the parties to present scientific evidence bearing on constitutional issues at bar. Brief of Appellant, at 7.

Because Appellant's constitutional challenge was presented for the first time on appeal, there is no factual record before us. Therefore, consistent with **Thorne** and its progeny, we remand this case for development of the record with respect to Appellant's claim that SORNA—Subchapter H unconstitutionally inflicts cruel punishment. **See Commonwealth v. Dove**, 301 A.3d 427, 438-39 (Pa. Super. 2023) (remanding for factual development of a claim, raised for first time on appeal, that SORNA--Subchapter H violates federal and state constitutional proscriptions against cruel and unusual punishment).[5]

---

[5] In remanding the case to allow development of the record, the **Dove** panel reasoned:

> Generally, an issue that is raised for the first time on appeal is waived, and this Court cannot review the issue on appeal. **See** Pa.R.A.P. 302(a) (stating, as a general rule, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). Recently, our Supreme Court held that constitutional challenges to SORNA – Subchapter H implicate the legality of a sentence and cannot be waived on the basis that such claims were raised for the first time on appeal. **Thorne**, 276 A.3d at 1198. Because Appellant's constitutional challenges were presented for

*(Footnote Continued Next Page)*

- 7 -

Judgment of sentence vacated, in part, only insofar as Appellant is required to comply with the requirements of SORNA – Revised Subchapter H. Case remanded for further development of Appellant's challenge to the constitutionality of SORNA – Revised Subchapter H. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/28/2023

---

the first time on appeal, however, there is no factual record before us. Therefore, in consonance with **Thorne**, **supra**, we remand this case for further development of the record related to Appellant's challenge to the constitutionality of SORNA – Subchapter H.

**Id.** at 438–39.