J-S25012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                             :
                v.                           :
                                             :
JUSTIN CORLISS                      :
                                             :
              Appellant             :    No. 161 EDA 2024

Appeal from the Order Entered December 13, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000743-1997

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

JUDGMENT ORDER BY DUBOW, J.:                      **FILED JULY 30, 2024**

      Appellant, Justin Corliss, appeals from the December 13, 2023 order entered in the Monroe County Court of Common Pleas dismissing his "Petition to Terminate Sexual Offender Registration Requirements." After careful review, we dismiss this appeal as moot.

      The relevant facts and procedural history are as follows. On July 13, 1998, a jury convicted Appellant of one count each of Statutory Sexual Assault, Aggravated Indecent Assault, Indecent Assault, and Corruption of Minors. On August 20, 1998, the trial court sentenced Appellant to an aggregate term of four to ten years of incarceration. As a result of his conviction of Aggravated Indecent Assault,[1] Appellant was subject to a ten-year period of registration as a sexual offender. This court affirmed

---

[1] 18 Pa.C.S. § 3125(8).

Appellant's judgment of sentence and Appellant's repeated efforts to obtain collateral relief failed. Appellant served and completed his term of incarceration in 2008 and his term of sexual offender registration arising from these convictions in 2018.[2]

On October 18, 2023, Appellant filed the instant petition for *writ* of *habeas corpus*, titled "Petition to Terminate Sexual Offender Registration Requirements," asserting that "the registration requirements in this matter must be vacated as being premised on the false conviction for [A]ggravated [I]ndecent [A]ssault, for which no evidence exists in support[.]" Petition, 10/18/23, at 1.

On December 13, 2023, the trial court denied Appellant's petition. This timely appeal followed. Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

1. Whether the lower court erred or abused its discretion when, in relation to [A]ppellant's seeking to invalidate the punitive sexual offender reporting, it failed to consider whether reporting could be invalidated, based on a 1998 conviction for aggravated indecent assault, where:

   A. no claims of violence or serious bodily injury existed to support this serious crime of violence; and

   B. this [C]ourt, in **Com**[**monwealth**] **v. Dove**, 2023 Pa. Super. 131 (2023)[,] recently articulated that the act of cunnilingus is not encompassed under the [A]ggravated [I]ndecent [A]ssault statute; and

---

[2] Appellant has subsequently been convicted of numerous other sexual offenses and ordered to register for his lifetime as a sex offender.

C. the conviction remains patently infirm as no jury determination was made that [A]ppellant possessed the requisite element of scienter to properly convict for this serious crime of violence.

Appellant's Brief at 4.

Prior to addressing the merits of Appellant's claim, we consider whether it is properly before us.

"An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *In re J.A.*, 107 A.3d 799, 811 (Pa. Super. 2015) (quoting *In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*). "As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature." *Id.* (quoting *In re D.A.*, 801 A.2d at 616). "Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court." *In re M.B.*, 101 A.3d 124, 127 (Pa. Super. 2014) (citation omitted) (emphasis omitted).

Our review of the record in this matter indicates that Appellant's 1998 sentence expired in 2008, and that the requirement that he register as a

sexual offender for a 10-year period expired in 2018. Because Appellant is no longer required to register as a sexual offender with respect to his convictions in this case, his "Petition to Terminate Sexual Offender Registration Requirements" is moot. Moreover, none of the exceptions to the mootness doctrine apply. Accordingly, we dismiss this appeal as moot.

Appeal dismissed.[3]

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/30/2024

_____

[3] We also deny as moot the Commonwealth's motion to quash this appeal.

- 4 -