J-S25012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTIN CORLISS | : | |
| | : | |
| Appellant | : | No. 161 EDA 2024 |

Appeal from the Order Entered December 13, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000743-1997

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 25, 2024**

Appellant, Justin Corliss, appeals from the December 13, 2023 order entered in the Monroe County Court of Common Pleas dismissing his "Petition to Terminate Sexual Offender Registration Requirements," which we treat as an untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.[1]  Because Appellant has not pleaded or proved any exceptions to the PCRA's jurisdictional time-bar, we affirm.

---

[1] The trial court *sua sponte* converted Appellant's petition into a petition for writ of *habeas corpus*.  It is well-settled, however, that "the PCRA provides the sole means for obtaining collateral review and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Kubis**, 808 A.2d 196, 199 (Pa. Super. 2002).  **See also** 42 Pa.C.S. § 9542 (providing that the PCRA "provides for an action by which persons convicted of crimes they did not commit [] may obtain collateral relief[,] shall be the sole means of obtaining collateral relief[,] and encompasses all other common law and statutory remedies [] including *habeas corpus* and *coram nobis*."); **Commonwealth v. Peterkin**, 722 A.2d
*(Footnote Continued Next Page)*

The relevant facts and procedural history are as follows. On July 13, 1998, a jury convicted Appellant of one count each of Statutory Sexual Assault, Aggravated Indecent Assault, Indecent Assault, and Corruption of Minors. On August 20, 1998, the trial court sentenced Appellant to an aggregate term of four to ten years of incarceration. As a result of his conviction of Aggravated Indecent Assault,[2] Appellant was subject to lifetime registration as a sexual offender. This court affirmed Appellant's judgment of sentence and Appellant's repeated efforts to obtain collateral relief failed. Appellant served and completed his term of incarceration in 2008.[3]

On October 18, 2023, Appellant filed a "Petition to Terminate Sexual Offender Registration Requirements," asserting that "the registration requirements in this matter must be vacated as being premised on the false conviction for [A]ggravated [I]ndecent [A]ssault, for which no evidence exists in support[.]" Petition, 10/18/23, at 1. In particular, Appellant alleged that his Aggravated Indecent Assault conviction "must be vacated as no evidence

_____

638, 643 (Pa. 1998) ("The purpose of the [PCRA is] to provide a reasonable opportunity for those who have been wrongly convicted to demonstrate the injustice of their conviction."). Because the substantive argument advanced by Appellant in his petition, as discussed *infra*, pertained to his alleged innocence of the offense giving rise to the requirement that he register as a sexual offender, we treat his Petition to Terminate Sexual Offender Registration Requirements as a PCRA petition.

[2] 18 Pa.C.S. § 3125(a)(8).

[3] Appellant has subsequently been convicted of numerous other sexual offenses and ordered to register for his lifetime as a sex offender as a result of those convictions as well.

was adduced, or found by a jury, to meet the statutory requirements of the [Aggravated Indecent Assault] crime of violence[.]" *Id.* at 7. Thus, it is evident that Appellant's purported challenge to his sexual offender registration requirement is, in fact, a challenge to the sufficiency of the evidence in support of his Aggravated Indecent Assault conviction.

On December 13, 2023, the trial court denied Appellant's petition. This timely appeal followed. Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

1. Whether the lower court erred or abused its discretion when, in relation to [A]ppellant's seeking to invalidate the punitive sexual offender reporting, it failed to consider whether reporting could be invalidated, based on a 1998 conviction for aggravated indecent assault, where:

   A. no claims of violence or serious bodily injury existed to support this serious crime of violence; and

   B. this [C]ourt, in *Com*[*monwealth*] *v. Dove*, [301 A.3d 427 (Pa. Super. 2023),] recently articulated that the act of cunnilingus is not encompassed under the [A]ggravated [I]ndecent [A]ssault statute; and

   C. the conviction remains patently infirm as no jury determination was made that [A]ppellant possessed the requisite element of scienter to properly convict for this serious crime of violence.

Appellant's Brief at 4.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are

supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than 25 years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

Here, Appellant did not plead or prove any exceptions to the PCRA's one-year time bar and, therefore, we are without jurisdiction to consider the merits of this appeal. We, thus, affirm the denial of relief.[4]

_____

[4] In addition, we observe that, even if his petition had been timely, Appellant would not be entitled to relief as he is no longer serving a sentence related to
*(Footnote Continued Next Page)*

Order affirmed.[5]

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/25/2024

_____

the instant conviction. **See** 42 Pa.C.S. § 9543(a)(1)(i) (stating that, to be eligible for relief under the PCRA, a petition must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]"). **See also Commonwealth v. Soto**, 983 A.2d 212, 213 (Pa. Super. 2009) (explaining that a petitioner who has completed his sentence is no longer eligible for post-conviction relief); **Commonwealth v. Smith**, 240 A.3d 654, 658 (Pa. Super. 2020) (explaining that sex offender registration requirements are collateral consequences of a defendant's sentence and, therefore, challenges to them are not cognizable under the PCRA).

[5] We also deny as moot the Commonwealth's motion to quash this appeal.