J-A28021-23

J-A28022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEIN T. TRAN | : | |
| | : | |
| Appellant | : | No. 3001 EDA 2022 |

Appeal from the Order Entered October 24, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0006983-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEIN T. TRAN | : | |
| | : | |
| Appellant | : | No. 3168 EDA 2022 |

Appeal from the Order Entered December 9, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0006983-2018

BEFORE:   OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                   **FILED MARCH 26, 2024**

Appellant, Thein T. Tran, appeals from the orders entered in the Court of Common Pleas of Philadelphia County, denying his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On September 20, 2019, following a bench trial, Appellant was convicted of three sexual offenses for assaulting a woman at a nightclub. Specifically,

> [f]irst [Appellant] repeatedly groped [victim]'s behind on a club's dance floor near the bar area, although she repeatedly pushed his hands away; at least once, [Appellant] groped through [victim]'s clothes and touched her skin near her vagina. This was indecent assault. Second, [Appellant] followed [victim] into the women's bathroom and pushed his way into her bathroom stall, pulled down her pants, and began to perform oral sex on her. She quickly pushed his head away. This was sexual assault. Third, [Appellant] informed [victim], "It's too late," and shoved his finger inside of her vagina. This was aggravated indecent assault.

Trial Court Letter, 1/13/23, at 1-2 (footnotes omitted).

The trial court found that Appellant's conduct constituted three separate criminal acts within the same criminal episode. Accordingly, on February 25, 2020, the trial court sentenced Appellant in absentia to consecutive terms of 6 to 12 months in prison for indecent assault, 4½ to 9 years for sexual assault, and 4½ to 9 years for aggravated indecent assault. Appellant did not file a direct appeal.

On February 23, 2021, Appellant filed a counseled timely petition for post-conviction relief, claiming that trial counsel was ineffective for: (1) not moving for a mistrial when a witness testified about defendant's prior conviction, (2) agreeing to sentencing in absentia, and (3) not presenting certain eyewitness testimony. The PCRA court denied the petition. Appellant appealed, but later discontinued that appeal on February 7, 2022.

J-A28021-23

J-A28022-23

On July 21, 2022, defendant filed the underlying petition, which he styled as a motion to correct an illegal sentence, arguing that his convictions should have merged for sentencing purposes. The trial court denied the petition.[1]  This appeal followed.

On appeal, Appellant argues that his sentence is illegal because the trial court failed to merge his sentences for sexual assault, 18 Pa.C.S.A. § 3124.1,

_____

[1] The trial court first denied the July 21, 2022 by order docketed on October 24, 2022.  There is no written order, however, in the certified record for the October 24, 2022 docket entry.  On November 16, 2022, Appellant filed a notice of appeal (3031 EDA 2022) from the order denying Appellant's July 21, 2022 "Motion to Correct Illegal Sentence."

On December 9, 2022, the trial court entered again an order denying the July 21, 2022 motion.  A written copy of the order is included in the certified record. On December 12, 2022, Appellant filed a notice of appeal (3168 EDA 2022) from the order denying Appellant's July 21, 2022 "Motion to Correct Illegal Sentence."

On March 28, 2022, in 3168 EDA 2022, this Court issued a rule to show cause why the appeal at 3168 EDA 2022 should not be dismissed as duplicative of 3001 EDA 2022.  Appellant responded, asking this Court not to dismiss either appeal and to grant his prior January 4, 2023 application to consolidate the appeals.

On May 8, 2023, in 3168 EDA 2022, this Court discharged the show cause Order to the merits panel for review. On the same date, in both appeals, this Court entered a separate order denying Appellant's application to consolidate the appeals and directed this Court's Prothonotary to list both appeals consecutively.

- 3 -

J-A28021-23

J-A28022-23

and aggravated indecent assault, 18 Pa.C.S.A. § 3125(a), (a)(1). We disagree.[2]

Before we can address the merits of the claim, we must determine whether the underlying PCRA petition is timely. Upon review, for the reasons stated below, we conclude that the underlying petition is untimely, and as such, we are prevented from reviewing the merits.

_____

[2] When reviewing the propriety of an order pertaining to PCRA relief,

> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018) (internal citations and quotations omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness exists. 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)).

- 4 -

Appellant filed the underlying petition, styled as a motion to correct an illegal sentence, on July 21, 2022. The lower court addressed the merits of the "motion," despite being "filed more than two years after his sentence was imposed," Trial Court Letter, 1/13/23, at 1, on the erroneous belief that the claim raised by Appellant was a "nonwaivable issue." While we agree with the lower court that Appellant is not entitled to relief, we disagree with the basis upon which the court dismissed Appellant's petition.

First, the lower court erred in not recognizing that, generally, once a judgment of sentence is final, the only way to challenge the judgment of sentence is through a PCRA petition. *See*, *e.g.*, *Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013). Generally, any filings filed after the judgment of sentence is final are treated as PCRA petitions. *Id.*

The claim raised here (merger/legality of the sentence), regardless of how it was styled, falls within the purview of the PCRA, and it should have been treated as a PCRA petition. *See*, *e.g.*, *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999); *Taylor*, *supra*; *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) (defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition, stating broadly, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition").

In turn, the first error resulted in additional errors by the lower court. Indeed, the lower court failed to establish that the filing was a second PCRA

petition and, therefore, subject to the PCRA's time limitations rules. *See*, *e.g.*, *Fahy*, *supra*. Finally, the lower court failed to recognize that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Id.* at 223.

Here, it is undisputed that the claim is facially untimely.[3] Appellant, therefore, had to plead and prove the applicability of the exceptions to the PCRA's time-bar. Appellant does not address any of the exceptions to the PCRA time bar rules, whether in the underlying petition or on appeal. He merely argues that the legality of sentence claim cannot be waived and is not subject to the timeliness restrictions of the PCRA.[4] Appellant's Brief at 2. There is no statute or case that supports Appellant's claim. Yet, Appellant believes that *Commonwealth v. Adams*, 504 A.2d 1264, 1269 (Pa. 1986) (cited for the proposition that illegality can be raised at any time) supports his claim. Even a cursory reading of *Adams* would have easily disclosed that *Adams* does not involve a collateral proceeding. Notably, Appellant did not

---

[3] Appellant's judgment of sentence became final at the expiration of the time to file a direct appeal with the Superior Court, which, in the instant matter was March 25, 2020. Appellant had one year from that date to file a timely PCRA (*i.e.*, by March 25, 2021). The underlying petition, which was filed on July 21, 2022, is over a year late.

[4] Appellant does not contend that the legality of sentence is a challenge outside the purview of the PCRA.

attempt to explain why **Adams** would apply in PCRA situations or even acknowledging the differences in raising a challenge to the legality of the sentence on direct appeal as opposed to collateral proceedings.[5]

Because Appellant failed to plead and prove the timeliness of his July 21, 2022 petition, we are constrained to conclude that the petition is untimely, and not subject to further review.

To the extent the petition can be deemed timely, we agree with the lower court's assessment of Appellant's claim. As noted, Appellant argues that, for sentencing purposes, his sexual assault conviction merged with the aggravated indecent assault.[6]

Merger is governed by 42 Pa.C.S.A. § 9765, which provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (Merger of sentences).

---

[5] Additionally, Appellant alleges that merger error complained herein qualifies as a "patent mistake," Appellant's Brief at 2, and that it triggered the trial court power to correct patent and obvious mistakes. Yet, Appellant fails to share with us how he reached such a bold conclusion. To this end, we note that analyzing the alleged patent mistake in light, *inter alia*, of **Commonwealth v. Holmes**, 933 A.2d 57 (Pa. 2007), would have been very helpful.

[6] Appellant does not argue that his indecent assault conviction for groping the victim on the dance floor merged with any other conviction.

The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act, and 2) all the statutory elements of one of the offenses are included in the statutory elements of the other. **See Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009).

Appellant cannot meet either of the requirements for merger. First, as noted by the trial court,[7] his crimes did not arise from a single act.

> When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity. Th[e] issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, [and if so,] then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

**Commonwealth v. Pettersen**, 49 A.3d 903, 912 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013) (internal citations and quotation marks omitted).

Here, relative to the issue on appeal, Appellant committed two separate assaults. Specifically, Appellant performed nonconsensual oral sex on the victim after following her in the bathroom (sexual assault), and subsequently digitally penetrated her vagina (aggravated indecent assault). While these assaults occurred in rapid sequence, they were separate acts that did not merge. **See id.**

---

[7] **See** Trial Court Letter, 1/13/23, at 1-2.

Appellant also argues that the assaults constituted a single criminal act as the conduct involved the same orifice. The claim is meritless.

As noted by the Commonwealth, "[t]o the contrary, the different methods of assault here plainly separate the offenses." Commonwealth's Brief at 7 (citing *Commonwealth v. Dove*, 301 A.3d 427, 435 (Pa. Super. 2023) (the Commonwealth alleged "digital penetration, to support a charge of aggravated indecent assault of a child, that were distinct and delineated from the conduct supporting the rape of a child charges"), *Commonwealth v. Loucks*, 2023 WL 3167877, at *3 (Pa. Super. May 1, 2023) ("the record reflects that Louck's crimes did not arise from a single criminal act, as Loucks digitally penetrated A.M.C.'s vagina prior to inserting his penis into her vagina")).

Second, sexual assault and aggravated indecent assault do not merge because the statutory elements of the offenses are different. Digital penetration is not an element of sexual assault, but it is an element of aggravated indecent assault. *See* 18 Pa.C.S.A. §§ 3124.1, 3125(a)(1); *Commonwealth v. Kelley*, 801 A.2d 551, 558 (Pa. 2002). Likewise, sexual intercourse is an element of sexual assault, but it is not an element of aggravated indecent assault. *Id.*; *Dove*, 301 A.3d at 433-34. Therefore, because Appellant's convictions arose from different separate criminal acts and both offenses contain an element that the other lacks, they do not merge for sentencing purposes. *Baldwin*, *supra*.

In conclusion, Appellant is not entitled to relief because the underlying petition is untimely. To the extent it can be deemed timely, the merger/legality of sentence claim raised therein is meritless. Accordingly, we affirm the order of the lower court denying Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2024