J-S43036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

KELBY GARRETT DAVIS

Appellant

: IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
:
:
:
:
:
: No. 948 MDA 2023

Appeal from the Order Entered May 18, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000695-2018

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: MAY 31, 2024**

Appellant, Kelby Garrett Davis, appeals from the order of the Court of

Common Pleas of Schuylkill County that denied his timely petition filed under

the Post Conviction Relief Act (PCRA).[1] For the reasons set forth below, we

conclude that the PCRA court erred in the grounds on which it based its denial

of the PCRA petition but affirm its order on other grounds.

Appellant was charged with endangering the welfare of children,

corruption of minors, and multiple counts of rape, aggravated indecent

assault, involuntary deviate sexual intercourse (IDSI), statutory sexual

assault, and other sex offenses, based on allegations that he sexually abused

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

his minor stepdaughter on various dates between 2016 and 2018. In January 2019, Appellant signed a plea agreement under which he would plead guilty to endangering the welfare of children, corruption of minors, and one count each of aggravated indecent assault, IDSI, and statutory sexual assault and receive an aggregate prison sentence of 10 to 20 years' incarceration followed by 10 years of probation. 1/23/19 Written Guilty Plea; 1/24/19 Memorandum of Plea Agreement. Appellant, however, withdrew that plea before the plea hearing. Trial Court Order, 2/20/19; N.T. Guilty Plea, 3/26/19, at 2, 8.

On March 26, 2019, on the eve of trial, Appellant entered a plea of guilty to endangering the welfare of children, corruption of minors, and three counts each of aggravated indecent assault, IDSI, and statutory sexual assault[2] pursuant to a plea agreement under which the Commonwealth *nolle prossed* all other charges and there was no agreement as to sentence or sentencing recommendation. N.T. Guilty Plea, 3/26/19, at 2, 4-7; 3/26/19 Written Guilty Plea; 3/26/19 Memorandum of Plea Agreement. The trial court sentenced Appellant on April 29, 2019 to an aggregate term of incarceration of 22 to 44 years, consisting of consecutive sentences of 2 to 4 years for one of the statutory sexual assault counts, 5 to 10 years for each of the IDSI counts, 3 to 6 years for one of the aggravated indecent assault counts, 1 to 2 years for endangering the welfare of children, and 1 to 2 years for corruption of minors,

---

[2] 18 Pa.C.S. §§ 4304(a)(1), 6301(a)(1)(ii), 3125(a)(8), 3123(a)(7), and 3122.1(b), respectively.

- 2 -

and concurrent sentences of 2 to 4 years for each of the other statutory sexual assault counts and 3 to 6 years for each of the other aggravated indecent assault counts. N.T. Sentencing, 4/29/19, at 17-18; Sentencing Order. Appellant did not file a timely direct appeal.

On October 11, 2019, Appellant filed a timely counseled first PCRA petition asserting ineffective assistance of trial counsel and seeking both the restoration of his appeal rights and right to file a post-sentence motion and the vacating of his guilty plea and sentence. 2019 PCRA Petition at 3-7. A hearing on this petition was held on November 6, 2019, at which the Commonwealth did not dispute that Appellant had asked his trial counsel to file a post-sentence motion and appeal and that trial counsel had failed to do so, and the court ordered restoration of Appellant's post-sentence motion and direct appeal rights and deferred ruling on the remaining claims of ineffective assistance of counsel. N.T. PCRA Hearing, 11/6/19, at 2-4; PCRA Court Order, 11/8/19.

After the restoration of his post-sentence and appeal rights, Appellant filed a post-sentence motion challenging his sentence as excessive and challenging his guilty plea as involuntary because trial counsel was not prepared to try the case and because trial counsel allegedly did not advise him accurately concerning the sentence that he would receive. Post-Sentence Motion at 2-6. Following a hearing, the trial court denied the post-sentence motion, and Appellant filed a timely direct appeal from his judgment of

- 3 -

sentence.  On February 26, 2021, this Court affirmed Appellant's judgment of sentence, rejecting Appellant's challenge to his plea on the ground that Appellant's claim that he did not understand what sentence he would receive was barred by his statements in the plea colloquy.  **Commonwealth v. Davis**, No. 773 MDA 2020, at 1, 4-8, 13 (Pa. Super. February 26, 2021) (unpublished memorandum).   In addressing Appellant's challenge to the voluntariness of his plea, this Court specifically stated:

> To the extent Appellant's claim implicates trial counsel's ineffectiveness, we do not address that issue on appeal. Our Supreme Court has held that ineffectiveness claims are presumptively deferred for collateral review under the PCRA. Further, while the Pennsylvania Supreme Court has recognized limited exceptions to this rule, there is no indication that those exceptions apply in the instant case or that Appellant has waived his right to collateral review.

**Id.** at 8 n.3 (citations omitted).   Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on August 24, 2021. **Commonwealth v. Davis**, 261 A.3d 1033 (Pa. 2021).

On October 16, 2022, Appellant filed the instant timely PCRA petition in which he asserted claims that trial counsel was ineffective in failing to file a motion to suppress his confession and in inaccurately advising him concerning his sentence exposure, a claim that his convictions should have merged for sentencing, and a claim that the trial judge was biased against him because of his withdrawal of his previous guilty plea.  2022 PCRA Petition at 4-5 & attached statement.  The PCRA court appointed PCRA counsel for Appellant. PCRA counsel did not file an amended PCRA petition, and on January 23, 2023,

- 4 -

the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss all of Appellant's PCRA claims without a hearing on the ground they were waived because Appellant had either litigated them or failed to assert them in his 2019 PCRA petition. Rule 907 Notice. Appellant's PCRA counsel filed a response to the Rule 907 notice asserting that Appellant had unwaived claims that trial counsel was ineffective in failing to prepare for trial and that the trial judge knew of Appellant's withdrawn plea and was therefore biased in sentencing him. Response to Rule 907 Notice.

On April 4, 2023, the PCRA court held a hearing on the PCRA petition. At this hearing, Appellant testified, and the Commonwealth introduced transcripts from Appellant's April 29, 2019 sentencing and the March 10, 2020 hearing on his post-sentence motion. Appellant testified that his trial counsel had advised him to accept the initial plea bargain and then withdraw it to obtain more time to prepare the case, that trial counsel did not obtain records necessary to his defense, and that the trial court knew when it sentenced him that he had previously withdrawn a guilty plea. N.T. PCRA Hearing, 4/4/22, at 4-8. Appellant introduced no evidence at the PCRA hearing concerning trial counsel's failure to move to suppress his confession or that there were any valid grounds for a motion to suppress.

On May 18, 2023, the PCRA court issued an order denying the PCRA petition. PCRA Court Order, 5/18/23. In its opinion accompanying that order, the PCRA court held that both Appellant's claim that trial counsel was

ineffective for failure to file a motion to suppress and his merger claim were barred by waiver because Appellant did not raise them in his 2019 PCRA petition and that Appellant's other ineffective assistance of counsel claims and claim of trial court bias failed on the merits. PCRA Court Opinion at 6-9. Appellant filed the instant appeal from the order denying his PCRA petition.[3]

Appellant argues that the PCRA court erred in holding that his ineffective assistance of counsel and merger claims were waived. Appellant's Brief at 4. Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015); **Commonwealth v. K. Johnson**, 179 A.3d 1105, 1113 (Pa. Super. 2018).

---

[3] Appellant filed the appeal on July 6, 2023, 49 days after the PCRA court's order. Rule 114 of the Pennsylvania Rules of Criminal Procedure, however, requires that the docket entries state the date of service of the order on each party's attorney and unrepresented parties. Pa.R.Crim.P. 114(B), (C). The docket entries in this case state only that the order was filed on May 18, 2023 and contain no notation that the order was served on Appellant's PCRA counsel, Appellant, or any other party or the date of such service. Docket Entries at 25 of 31. In **Commonwealth v. Midgley**, 289 A.3d 1111 (Pa. Super. 2023), this Court held that if the docket fails to contain the notation of service required by Rule 114, an appeal filed more than 30 days after the order is filed is timely because the time in which to take an appeal never began to run. **Id.** at 1116-17. Because **Midgley** holds that the absence of the Rule 114 notation of service on the docket prevents the appeal period from running and there is no such notation of service on the docket here, this appeal is not barred as untimely.

- 6 -

We agree that the PCRA court committed an error of law in holding that Appellant waived his claim of ineffectiveness of counsel for failure to file a motion to suppress. The PCRA court found waiver solely on the ground that the PCRA petition before it was Appellant's second PCRA petition and that Appellant had failed to raise this issue in his 2019 PCRA petition. PCRA Court Opinion at 6. The PCRA court's conclusion that this PCRA petition was Appellant's second PCRA petition was incorrect. Appellant's 2019 PCRA petition restored his direct appeal rights. Where a defendant files a PCRA petition that seeks reinstatement of his direct appeal rights and the court restores his direct appeal rights, the first PCRA petition that the defendant files after the conclusion of direct appeal is a first PCRA petition, not a second PCRA petition. **Commonwealth v. Figueroa**, 29 A.3d 1177, 1181 (Pa. Super. 2011); **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007); **Commonwealth v. Lewis**, 718 A.2d 1262, 1263-64 (Pa. Super. 1998); **Commonwealth v. Henderson**, No. 280 MDA 2021, at 12 (Pa. Super. August 12, 2021) (PCRA petition filed after direct appeal following reinstatement of appellate rights is the first petition where substantive PCRA claim could be asserted) (unpublished memorandum).

Moreover, except in limited circumstances that are not present here, PCRA claims of ineffective assistance of counsel must be deferred to proceedings after the conclusion of the direct appeal, even where the appeal is the result of a PCRA petition to restore direct appeal rights.

*Commonwealth v. Holmes*, 79 A.3d 562, 563-64, 567, 576-80 (Pa. 2013). Indeed, a PCRA court lacks jurisdiction to rule on substantive claims for PCRA relief if it grants reinstatement of direct appeal rights. *Commonwealth v. Harris*, 114 A.3d 1, 6 (Pa. Super. 2015). Because the court granted the restoration of Appellant's appeal rights that he sought in the 2019 PCRA petition, Appellant could not have obtained relief on the claim of ineffectiveness for failure to file a suppression motion by asserting that claim in the 2019 PCRA petition. *Holmes*, 79 A.3d at 563-64, 576-80; *Harris*, 114 A.3d at 6. The issue was therefore not one that Appellant could have successfully raised in the 2019 PCRA petition and cannot be found waived because he failed to take the futile act of attempting to raise it. 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

Although the PCRA court erred in holding that Appellant's motion to suppress ineffectiveness claim was waived, reversal on this issue is not required because the record is clear that Appellant failed to prove this claim. We may affirm a lower court's decision on any valid basis, even if those grounds are different from those on which the court based its decision. *Commonwealth v. Janda*, 14 A.3d 147, 161 n.8 (Pa. Super. 2011); *Commonwealth v. Kemp*, 961 A.2d 1247, 1254 n. 3 (Pa. Super. 2008) (*en banc*).

A claim of ineffective assistance of counsel requires proof that the underlying claim that counsel failed to assert had arguable merit. **K. Johnson**, 179 A.3d at 1114-15; **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).[4] "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." **Loner**, 836 A.2d at 132. Although the PCRA court held a hearing at which Appellant had the opportunity to prove his PCRA claims, Appellant introduced no evidence concerning counsel's failure to file a motion to suppress. N.T. PCRA Hearing, 4/4/22, at 4-8. The only evidence introduced concerning Appellant's confession consisted of testimony in the transcript of the hearing on Appellant's post-sentence motion that Appellant and his trial counsel had discussed the fact that he had confessed and that he agreed with his trial counsel's advice concerning the confession. N.T. Post-Sentence Motion, 3/10/20, at 22-23, 43. No evidence at all was introduced concerning the circumstances of the confession from which any

---

[4] To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying legal claim has arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. **Mason**, 130 A.3d at 618; **K. Johnson**, 179 A.3d at 1114. The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. **Mason**, 130 A.3d at 618; **K. Johnson**, 179 A.3d at 1114.

determination could be made that a motion to suppress would have any possibility of success.[5]

The PCRA court also erred in holding that Appellant's merger claim was barred by waiver. This claim could have been raised in Appellant's direct appeal and was not. A claim that separate sentences were imposed for offenses that merge, however, is a challenge to the legality of the defendant's sentence. ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009); ***Commonwealth v. Merced***, 308 A.3d 1277, 1282 (Pa. Super. 2024); ***Commonwealth v. Conley***, 286 A.3d 313, 318 (Pa. Super. 2022). The issue of whether a sentence is illegal is not subject to waiver and may even be

---

[5] To the extent that Appellant also argues in his brief that the PCRA court erred in denying his other ineffectiveness of counsel claims and his claim of trial court bias, Appellant's Brief at 10-16, those contentions are barred by waiver, albeit on a different basis than the PCRA court's waiver ruling. After Appellant appealed the denial of his PCRA petition, the PCRA court ordered him to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). PCRA Court Order, 7/17/23. Appellant filed a timely Rule 1925(b) statement stating that he was raising only the following two issues:

> 1. This Honorable Court erred in finding that Defendant waived his allegation of ineffectiveness of counsel in failing to file a motion to suppress his confession.
> 2. This Honorable Court erred in finding that Defendant waived his allegation that his sentences should merge.

Concise Statement of Matters Complained of on Appeal. Because Appellant did not list as issues in his Rule 1925(b) statement error with respect to the denial of any of his claims of ineffective assistance of counsel other than the motion to suppress issue or any claim of error in the denial of his claim of trial court bias, those issues are waived and cannot be grounds for reversal of the PCRA court's denial of his PCRA petition. Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Garland***, 63 A.3d 339, 342 (Pa. Super. 2013).

raised for the first time on appeal or by this Court *sua sponte*. **Conley**, 286 A.3d at 316; **Commonwealth v. Martinez**, 153 A.3d 1025, 1030 n.2 (Pa. Super. 2016); **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013).

We therefore address Appellant's merger claim on the merits. Appellant argues that his statutory sexual assault and aggravated indecent assault convictions merge with his IDSI convictions and that his endangering the welfare of children conviction merges with one of his aggravated indecent assault convictions. Appellant's Brief at 16-17. Criminal convictions merge only where both of the following two requirements are met: (1) the crimes arose from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other offense. 42 Pa.C.S. § 9765; **Baldwin**, 985 A.2d at 833; **Conley**, 286 A.3d at 318-19. We conclude that none of the convictions merge because the statutory sexual assault, aggravated indecent assault, and IDSI convictions are based on different criminal acts and the crime of endangering the welfare of children has statutory elements that the other offenses do not have and does not have all of the elements of the other offenses.

To determine whether the crimes arose from the same criminal act, we look at the Commonwealth's charging documents, including the criminal information, criminal complaint, and affidavit of probable cause. **Commonwealth v. Dove**, 301 A.3d 427, 434 (Pa. Super. 2023); **Conley**,

286 A.3d at 319; *Martinez*, 153 A.3d at 1031-32. Here, the charging documents alleged that Appellant committed three different types of sex acts on victim, digital penetration, performing oral sex on her, and engaging in vaginal sexual intercourse with her, and that he committed each of those types of sex acts on multiple occasions. Criminal Complaint, Affidavit of Probable Cause. The aggravated indecent assault charges to which Appellant pled guilty (Counts 13, 14, and 15) thus arose from acts of digital penetration, the IDSI charges (Counts 6, 8, and 9) arose from the separate acts of oral sex, and the statutory sexual assault charges (Counts 4, 5, and 7) arose from the separate acts of vaginal sex. *See Dove*, 301 A.3d at 434-35; *Commonwealth v. Kearney*, No. 1015 WDA 2020, at 23-24 (Pa. Super. September 16, 2021); *Commonwealth v. A. Johnson*, No. 560 EDA 2020, at 13-14 (Pa. Super. May 4, 2021). Because the convictions did not arise from a single criminal act, they do not merge and the trial court's imposition of separate sentences for these offenses was permissible.

The endangering the welfare of children charge, Count 16, does appear to arise from the same acts as statutory sexual assault, aggravated indecent assault, and IDSI convictions, as Count 16 alleged that the acts constituting child endangerment were "engaging in sexual intercourse and/or sexual acts" with the victim and nothing in Appellant's plea indicated that these were different acts than the acts on which the statutory sexual assault, IDSI, or aggravated indecent assault charges were based Amended Information at 3;

N.T. Guilty Plea, 3/26/19, at 4-7. Whether Appellant's endangering the welfare of children conviction merges with his statutory sexual assault, IDSI, or aggravated indecent assault convictions therefore depends on the statutory elements of these offenses.

The crime of endangering the welfare of children to which Appellant pled guilty requires proof of the following elements: (1) that the defendant was a "parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person" and (2) that the defendant "knowingly endanger[ed] the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304(a)(1). These elements do not require the Commonwealth prove that the defendant engaged in any sexual activity with the victim or touched the victim's private parts.

In contrast, none of the statutory sexual assault, aggravated indecent assault, and IDSI crimes to which Appellant pled guilty requires proof of a parental or other supervisory responsibility and all of those crimes require proof of a sex act or touching of private parts. The section of the Crimes Code governing the statutory sexual assault offense to which Appellant pled guilty provides:

> A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

- 13 -

18 Pa.C.S. § 3122.1(b). The IDSI offense to which Appellant pled guilty requires proof that he "engage[d] in deviate sexual intercourse with a complainant… who is less than 16 years of age" and that he was "four or more years older than the complainant and the complainant and [he] are not married to each other." 18 Pa.C.S. § 3123(a)(7). The elements of the aggravated indecent assault offense to which Appellant pled guilty are "engag[ing] in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures" and that "the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S. § 3125(a)(8).

Thus, statutory sexual assault, IDSI, and aggravated indecent assault each have at least one element, sexual intercourse, deviate sexual intercourse, or penetration of the genitals or anus, that the crime of endangering the welfare of children does not have, and endangering the welfare of children has an element of parental relationship or other supervisory responsibility that none of those other offenses has. Appellant's endangering the welfare of children conviction therefore does not merge with any of those other convictions, even if it was based entirely on the same criminal acts as those convictions. 42 Pa.C.S. § 9765; *Merced*, 308 A.3d at 1282-83; *Martinez*, 153 A.3d 1033.

For the foregoing reasons, we conclude that the PCRA court erred in holding that Appellant waived his ineffectiveness of counsel claim for failure to file a motion to suppress and his claim that his convictions merged but that it did not err in denying those claims because the claims fail on the merits. Accordingly, we affirm the order of the PCRA court.

Order affirmed.


Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/31/2024