J-S11045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SEBASTIAN HERBERT VAN CAMP | : | |
| | : | |
| Appellant | : | No. 1215 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 4, 2024
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000266-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SEBASTIAN HERBERT VAN CAMP | : | |
| | : | |
| Appellant | : | No. 1216 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 4, 2024
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000267-2023

BEFORE:   MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: May 28, 2025**

Sebastian Herbert Van Camp ("Van Camp") appeals from the amended judgments of sentence imposed following his jury convictions of rape of a child[1] and related offenses, as well as his guilty pleas to sexual abuse of children/possession of child sexual abuse material ("possession of child

---

[1] *See* 18 Pa.C.S.A. § 3121(c).

pornography").[2]  Additionally, the trial court found Van Camp is a sexually violent predator ("SVP") under the Pennsylvania Sex Offender Registration and Notification Act[3] ("SORNA").  Van Camp's court-appointed trial counsel, Philip Clabaugh, Esquire ("Attorney Clabaugh"), has filed a petition to withdraw from representation and a brief styled pursuant to *Anders v. California*, 386 U.S. 738 (1967).  We grant Attorney Clabaugh's petition and affirm the judgments of sentence.

The Commonwealth charged Van Camp at two trial dockets for separate incidents.  First, at trial docket CP-42-CR-0000267-2023 ("Docket 267"), the Commonwealth alleged that Van Camp had ongoing sexual contact with T.T. (the "Victim") over a two-year period, from December 2019 to December 2021.  This matter proceeded to a jury trial in December 2023, where Attorney Clabaugh represented Van Camp.  The Victim testified to the following.  When she was eleven years old, she met Van Camp, her friend's brother, then nineteen years old, and they began "dating."  N.T., 12/4/23, at 31.  They had vaginal intercourse, where Van Camp's "penis [was] in [her] vagina," more than ten times, and they had oral sex, where Van Camp's "penis [was] in [her] mouth," more than once.  *Id*. at 20-21.  The Victim further stated she and

---

[2] *See* 18 Pa.C.S.A. § 6312(d).

[3] 42 Pa.C.S.A. §§ 9799.10-9799.75.

Van Camp "[h]ad anal intercourse" once, describing it as "sex in the butt." *Id*. at 22.

These incidents occurred in Van Camp's house, garage, bedroom, and his sister's bedroom, as well as "in the woods" and near "the watering hole" "[b]ehind the high school." *Id*. at 23-24. The sexual contact continued until the Victim was twelve years old. *See id*. at 21. The Victim reported the conduct to an adult "about two years" later. *Id*. at 28. At the time of trial, the Victim was fifteen years old.

A teaching assistant at the Victim's school testified to the following. In March 2023, she observed the Victim was upset and crying. The Victim told the teaching assistant about issues "with her familial relationships," and "made a statement about Sebastian [Van Camp] using her for sex." *Id*. at 12-13. The teaching assistant did not know Van Camp but reported this information to Childline.

Olivia Baumgarten ("Baumgarten"), a forensic interviewer at the Child Advocacy Center at Children's Hospital of Pittsburgh, testified to the following. In April 2023, she conducted a video-recorded forensic interview of the Victim, then fourteen years old. The Commonwealth played the video of the Victim's interview, while Baumgarten answered questions about it. While the trial transcript does not include transcription of what the Victim stated in the interview, Baumgarten confirmed the Victim said the sexual contact occurred at Van Camp's home and "the swimming hole." N.T., 12/4/23, at 65.

- 3 -

Pennsylvania State Police ("PSP") Trooper Eric Thompson ("Trooper Thompson") testified to the following. He received the Childline report concerning the Victim. He observed the Victim's forensic interview through a "mirrored glass," but was not in the room with the Victim and Baumgarten. N.T., 12/4/23, at 69. Trooper Thompson also interviewed Van Camp at the PSP barracks. The Commonwealth played a video of this interview while Trooper Thompson answered questions about it. In the video, Van Camp stated he and the Victim "were dating," and he had "penis/vagina intercourse" and oral sex with the Victim, and it occurred in the garage and "a swimming hole" behind the high school. *Id*. at 72-73. Van Camp estimated he had vaginal intercourse with the Victim "probably more than five" times but he "wasn't sure if it was more than" ten. *Id*. at 74.

Van Camp did not testify or present any evidence. The jury found him guilty of: (1) two counts of rape of a child; (2) two counts of statutory sexual assault; (3) five counts of indecent assault;[4] and (5) one count of corruption of minors.[5]

---

[4] Three counts of indecent assault were under 18 Pa.C.S.A. § 3126(a)(7) (complainant is less than thirteen years of age), and two counts were under 18 Pa.C.S.A. § 3126(a)(8) (complainant is less than sixteen years of age and is not married to the defendant, who is four or more years older). Additionally, the jury found Van Camp not guilty of four counts of involuntary deviate sexual intercourse with a child and a person less than sixteen years of age.

[5] *See* 18 Pa.C.S.A. §§ 3122.1(a)(1), 3126(a)(7)-(8), 6301(a)(1)(ii).

Nine days later, on December 14, 2023, Van Camp entered a negotiated guilty plea at the second trial docket, CP-42-CR-0000266-2023 ("Docket 266"). The Commonwealth averred that for the first count, possession of child pornography, Van Camp possessed and viewed 312 images and videos of prepubescent children that depicted indecent contact. The Commonwealth averred that for a second count of possession of child pornography, Van Camp possessed and viewed 933 images and videos, which did not depict indecent contact. The dates for these offenses were December 2022 through March 2023. In exchange for his plea, the Commonwealth withdrew other charges.

The trial court ordered an SVP assessment at both dockets and conducted an SVP hearing.[6] The Commonwealth presented Brenda Manno ("Manno"), a board member of the Pennsylvania Sexual Offender Assessment Board ("SOAB"), as an expert in the field of sexual offender assessments. She testified to the following. Van Camp did not submit to an interview with her. Nevertheless, Manno considered: the facts at both dockets; that Van Camp "had both hands-off victims [in] the pornography charges, and a hands-on victim with the female adolescent;" and the approximate time span of "a year where he has engaged in two separate deviant sexual acts involving children."

---

[6] Additionally, Van Camp's rape and statutory sexual assault convictions are Tier III offenses, requiring lifetime registration under SORNA. *See* 42 Pa.C.S.A. §§ 9799.14(d)(2)(3), 9799.15(a)(3). His convictions of indecent assault, corruption of minors, and sexual abuse of children (including possession of child pornography), are Tier I offenses, requiring fifteen years' registration. *See* 42 Pa.C.S.A. §§ 9799.14(b)(6), (8)-(9), 9799.15(a)(1).

N.T., 5/17/24, at 13, 15. Manno opined that: Van Camp met the diagnostic criteria for unspecified paraphilic disorder; he was "more likely than not to engage in this same type of behavior in the future;" and thus he met the classification for an SVP. *Id*. at 14, 16-17. Subsequently, on June 25, 2024, the trial court determined Van Camp was an SVP.

On August 29, 2024, the trial court conducted sentencing for both dockets together. At Docket 267, the trial court imposed the following sentences: (1) two terms of ten to twenty years' imprisonment, for the two counts of rape of a child, to run consecutively; (2) one to two years' imprisonment, for corruption of minors, to run concurrently; and (3) additional terms for the corruption of minors and indecent assault convictions, all to run concurrently. At Docket 266, for the two counts of possession of child pornography, the court imposed: (1) two to four years' imprisonment, also to run consecutively; and (2) one to two years' imprisonment, to run concurrently. The trial court also imposed a term of three years' probation, to run consecutively.[7] Van Camp's aggregate imprisonment term was thus

---

[7] In its August 29, 2024 sentencing order, the trial court did not specify to which conviction the three years' probation sentence applied. Instead, the order merely stated: "Pursuant to applicable legal authority, [Van Camp] is also required to undergo a period of three . . . years of consecutive probation following this sentence." Order, 8/29/24, at unnumbered 2 (emphasis added).

While the trial court did not cite the "applicable legal authority" for this probation sentence, we note that 42 Pa.C.S.A. § 9718.5(a) provides:

*(Footnote Continued Next Page)*

twenty-two to forty-four years, with a consecutive probation term of three years.

On September 4, 2024, the trial court amended its sentencing order to clarify that it imposed no further penalty on the two statutory sexual assault counts at Docket 267. **See** 42 Pa.C.S.A. § 5505 (providing that "a court upon notice to the parties may modify or rescind any order within [thirty] days . . . if no appeal from such order has been taken"); **see also Commonwealth v. Wenzel**, 248 A.3d 540, 545 (Pa. Super. 2021) (explaining that "in cases where the trial court amends the judgment of sentence . . . pursuant to Section 5505, the direct appeal lies from the amended judgment of sentence").

Van Camp then filed a timely post-sentence motion, which: (1) argued he was twenty-three years old and had a prior record score of "0;" and (2)

_____

A person who is convicted in a court of this Commonwealth of **an offense under section 9799.14(d)** (relating to sexual offenses and tier system) shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court.

42 Pa.C.S.A. § 9718.5(a) (emphasis added).

Here, Van Camp incurred four convictions of offenses under Section 9799.14(d): two counts of rape of a child and two counts of statutory sexual assault. **See** 42 Pa.C.S.A. § 9799.14(d)(2)-(3). As we discuss **infra**, the trial court imposed no further penalty on the statutory sexual assault convictions. It thus appears the trial court imposed the three years' probation on one of the rape counts, although the record does not indicate which.

requested the trial court run his two rape sentences concurrently, rather than consecutively. The trial court denied the motion without a hearing.

Van Camp then filed separate, timely notices of appeal at each docket.[8] In response to the trial court's order to file Pa.R.A.P. 1925(b) statements of errors complained of on appeal, Attorney Clabaugh filed statements, at each docket, presenting the issues Van Camp wished to pursue, but also stating counsel intended to file an *Anders* petition to withdraw and brief. *See* Pa.R.A.P. 1925(c)(4) (stating that counsel, who intends to seek to withdrawal, shall file a statement of intent to withdraw). The trial court has filed Pa.R.A.P. 1925(a) opinions at both trial dockets.

This Court *sua sponte* consolidated the appeals. As stated above, Attorney Clabaugh has filed in this Court a petition to withdraw from representation and an *Anders* brief.

"Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in *Anders* and its progeny," including *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). *Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*). This Court has explained:

> Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of

---

[8] *See Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (stating that when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed").

the record and determined that the appeal would be frivolous. Also, counsel must provide a copy of the **Anders** brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel.

The substance of the **Anders** brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." [**Santiago**, 978 A.2d at 361.]

*Id*. at 270 (some citations omitted). If counsel's brief complies with the above requirements, this Court then conducts "a full examination" of the record "to decide whether the case is wholly frivolous." *Id*. at 271 (citation omitted). If we similarly conclude the appeal is frivolous, we may grant counsel's petition to withdraw and affirm the judgment of sentence. *See id*.

Here, in the **Anders** brief, Attorney Clabaugh provides procedural and factual histories for both trial dockets with citations to the record, discusses the issues arguably supporting the appeal, and explains why he concluded the issues were frivolous. *See Anders* Brief at 12-17, 29-44. In his petition to withdraw, Attorney Clabaugh states: he reviewed the record and transcripts and believes there are no non-frivolous issues for appeal; he provided a copy of the motion and **Anders** brief to Van Camp; and he sent Van Camp a letter, advising him of his right to retain private counsel, proceed *pro se*, and raise any points he deems meritorious. Attorney Clabaugh has also provided a copy of this letter to Van Camp. We thus determine Attorney Clabaugh has

substantially complied with the requirements of **Anders** and **Santiago**, and proceed to independently review the record to determine whether the appeal is frivolous. **See Dempster**, 187 A.3d at 270-71.

In the **Anders** brief, Attorney Clabaugh identifies the following issues for our review:

> 1. At [Docket 267], was there sufficient evidence presented at the time of trial to support a verdict of guilty for Counts 1, 2, 7, 8, 9, 10, 11, 12, 13, and[] 14?
>
> 2. At [Docket 266] and [Docket 267], did the trial court abuse its discretion in imposing a sentence in these matters?
>
> 3. At [Docket 266] and [Docket 267], did the trial court abuse its discretion in ordering that [Van Camp] be classified as [an SVP] following hearing on that issue?

**Anders** Brief at 11 (unnecessary capitalization omitted and issues reordered).

The first issue in the **Anders** brief is whether the evidence was sufficient to support all of Van Camp's jury convictions at Docket 267.[9] We consider the applicable standard of review:

_____

[9] The trial court suggests that Van Camp has waived his sufficiency claim, for failure to identify with specificity the challenged elements of the offenses in the Rule 1925(b) statement. **See** Trial Court Opinion, Docket 267, 11/26/24, at 3. The trial court aptly points out that "in order to preserve a challenge to either the sufficiency or weight of the evidence on appeal, an appellant's Rule 1925(b) concise statement must state with specificity the elements or verdicts for which the appellant alleges that the evidence was insufficient or against the weight of the evidence." **Commonwealth v. Cox**, 231 A.3d 1011, 1016 (Pa. Super. 2020).

However, this Court has reasoned: "Nevertheless, when presented with an **Anders** brief and a petition to withdraw, this Court has a duty to
*(Footnote Continued Next Page)*

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Johnson*, 180 A.3d 474, 478 (Pa. Super. 2018) (citation omitted).

> [A] solitary witness's testimony may establish every element of a crime, assuming that it speaks to each element, directly and/or by rational inference.
>
> As to the content of a victim's testimony, this Court has repeatedly indicated that such testimony, if believed by the fact-finder, may be sufficient to establish all the elements of a sexual offense.

*Id*. at 479 (emphases omitted). *See also Commonwealth v. McDonough*, 96 A.3d 1067, 1069 (Pa. Super. 2014) (stating that "[t]he uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant").

---

independently review the record to determine whether, in fact, the appeal is wholly frivolous, despite the deficient framing of the issue in the [Rule 1925(b)] concise statement." *Cox*, 231 A.3d at 1016 (some citations omitted). Accordingly, we decline to find waiver of Van Camp's sufficiency issues in this appeal.

The Pennsylvania Crimes Code[10] defines the offense of rape of a child as the engagement "in sexual intercourse with a complainant who is less than [thirteen] years of age." 18 Pa.C.S.A. § 3121(c). A person commits statutory sexual assault "when that person engages in sexual intercourse with a complainant to whom the person is not married who is under the age of [sixteen] years and that person is . . . four years older but less than eight years older than the complainant[.]" 18 Pa.C.S.A. § 3122.1(a)(1). The Crimes Code defines sexual intercourse as follows: "In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101.

With respect to indecent assault, the jury found Van Camp guilty of three counts under 18 Pa.C.S.A. § 3126(a)(7) and two counts under 18 Pa.C.S.A. § 3126(a)(8). Those subsections state:

> **(a) Offense defined. —** A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> \* \* \* \*
>
> (7) the complainant is less than [thirteen] years of age; or
>
> (8) the complainant is less than [sixteen] years of age and the person is four or more years older than the

_____

[10] **See** 18 Pa.C.S.A. §§ 101-9546.

complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3126(a)(7)-(8). The Crimes Code defines indecent contact as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

Finally, the Crimes Code defines corruption of minors, in pertinent part, as follows:

> Whoever, being of the age of [eighteen] years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than [eighteen] years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii). In interpreting the meaning of Subsection 6301(a)(1)(ii), this Court has determined the phrase, "course of conduct," "imposes a requirement of multiple acts over time." *Commonwealth v. Kelly*, 102 A.3d 1025, 1031 (Pa. Super. 2014). Additionally, rape of a child, statutory sexual assault, and indecent assault are all sexual offenses appearing in Chapter 31. *See* 18 Pa.C.S.A. §§ 3121(c), 3122.1(a), 3126(a).

On appeal, Attorney Clabaugh reasons the trial evidence was sufficient to support Van Camp's two convictions each of rape of a child and statutory sexual assault. In support, Attorney Clabaugh cites the Victim's testimony that she had sex with Van Camp, then eighteen and nineteen years old, more than ten times, describing that his penis was in her vagina; and she had sex

with him from the time she was eleven years old to twelve years old. Attorney Clabaugh also points to Trooper Thompson's testimony, that Van Camp confessed to having vaginal intercourse with the Victim in his garage and near the swimming hole behind the high school. Attorney Clabaugh reasons this same evidence showed indecent contact, establishing Van Camp's five convictions of indecent assault. Finally, Attorney Clabaugh contends the evidence was sufficient to support corruption of minors, where Van Camp engaged in a course of conduct, which corrupted her morals through the commission of Chapter 31 sexual offenses.

In addressing the sufficiency of the evidence, the trial court's discussion is similar to Attorney Clabaugh's, above. First, the trial court opined the evidence was sufficient to establish two counts of rape of a child, where the Victim testified she and Van Camp had "sex" and Van Camp's penis penetrated her vagina, mouth, and rectum. Trial Court Opinion, Docket 267, 11/26/24, at 4. Second, the court reasoned this same testimony, along with the evidence that Van Camp and the Victim were not married, were sufficient to establish the two counts of statutory sexual assault. Third, the court found the evidence sufficient to show indecent contact, supporting the five counts of indecent assault. Finally, the court found the evidence supported the convictions of corruption of minors, where Van Camp engaged in a course of conduct of sexual intercourse with the Victim, in violation of Chapter 31.

Based upon our review of the record, we determine the trial evidence, viewed in the light most favorable to the Commonwealth, was sufficient to support all of Van Camp's jury convictions. *See Johnson*, 180 A.3d at 478. As the trial court and Attorney Clabaugh discussed, the Victim gave uncontradicted testimony that she and Van Camp had vaginal intercourse more than ten times, as well as oral sex and anal sex, over the course of two years when she was eleven and twelve years old and Van Camp was eighteen and nineteen. Van Camp and the Victim were not married. This evidence, alone, was sufficient to support the convictions of rape (sexual intercourse with a complainant less than thirteen years of age) and statutory sexual assault (sexual intercourse with a complainant under the age of sixteen, to whom the person, four to eight years older, is not married). *See* 18 Pa.C.S.A. §§ 3121(c), 3122.1(a)(1); *see also Johnson*, 180 A.3d at 479.

Nonetheless, we note the Commonwealth also showed the video of the Victim's forensic interview, in which she made statements consistent with her trial testimony, as well as the video of Van Camp's PSP interview, in which he admitted he and the Victim had sexual intercourse. Additionally, the testimony of the forensic interviewer, Baumgarten, and Trooper Thompson corroborated the above videos.

This same evidence above also supported the jury's convictions of indecent assault, as it showed Van Camp had indecent contact with the Victim,

or touched the Victim's sexual parts for arousing or gratifying sexual desire. *See* 18 Pa.C.S.A. §§ 3101, 3126(a)(7)-(8).

Finally, the evidence was sufficient to establish corruption of minors, where the Commonwealth showed Van Camp engaged in a course of conduct, or multiple acts, of committing violations of Chapter 31 — namely rape of a child, statutory sexual assault, and indecent assault — which corrupted or tended to corrupt the Victim's morals. *See* 18 Pa.C.S.A. § 6301(a)(1)(ii); *see also Kelly*, 102 A.3d at 1031. For all the foregoing reasons, we conclude that Van Camp's first issue is wholly frivolous.

The second issue in counsel's *Anders* brief is whether the trial court abused its discretion in imposing an aggregate sentence of twenty-two to forty-four years' imprisonment, to be followed by three years' probation. This issue goes to the discretionary aspects of sentencing. This Court has explained:

> It is well-settled that "the right to appeal [the] discretionary aspect[s] of [a] sentence is not absolute." Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. . . .
>
> > An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
> >
> > . . . (1) whether [the] appellant [] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4)

- 16 -

> whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence.

***Commonwealth v. Dove***, 301 A.3d 427, 435-36 (Pa. Super. 2023) (some citations omitted).

Here, Van Camp filed a timely post-sentence motion, challenging the consecutive nature of his two rape sentences and arguing he was twenty-three years old and had no prior record score. Van Camp also filed timely notices of appeal. ***See Dove***, 301 A.3d at 435-36. Attorney Clabaugh's ***Anders*** brief does not include "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence," which Pa.R.A.P. 2119(f) requires. ***See id***. However, when counsel has filed an ***Anders*** brief and petition to withdraw, the lack of this statement does not preclude our review. ***See Commonwealth v. Blango***, 327 A.3d 670, 678 (Pa. Super. 2024).

Thus, we review whether Van Camp's challenge to the consecutive nature of his sentences raises a substantial question. This Court has stated:

> It is well-established that "Pennsylvania law affords the [trial] court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." [*S*]*ee also* 42 Pa.C.S.A. § 9721(a) (stating that, a trial court may order sentences to run consecutively or concurrently). "Any challenge to the exercise of this discretion ordinarily does not raise a substantial question."

- 17 -

*Id*. at 436-37 (some citations omitted). **See also Commonwealth v. Swope**, 123 A.3d 333, 337-38 (Pa. Super. 2015) (stating "the imposition of consecutive rather than concurrent sentences will present a substantial question in only 'the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment'"). "In addition, this Court repeatedly has held that 'a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.'" **Commonwealth v. Crawford**, 257 A.3d 75, 79 (Pa. Super. 2021) (citations omitted).

Attorney Clabaugh contends that a challenge to the consecutive nature of sentences, alone, does not raise a substantial question. Thus, he contends, this issue is wholly frivolous for appeal.

The trial court construed Van Camp's claim to be that it failed to consider mitigating factors. The court then found such an issue did not raise a substantial question. In the alternative, the trial court opined that no relief would be due, as the aggregate maximum sentences on the two rape counts equaled twenty years, merely half the possible maximum of forty years' imprisonment. **See** Trial Court Opinion, Docket 267, 11/26/24, at 13. The trial court also considered the Victim's testimony showing Van Camp raped her on more than occasion, and found "[t]he sentence was commensurate with the facts of the case, namely that an adult established a relationship with an [eleven]-year-old child and used that relationship to engage in sexual

acts." *Id*. The trial court thus found "consecutive sentence[s were] warranted." *Id*.

Based on our review, we similarly conclude that neither of Van Camp's sentencing claims — that the trial court abused its discretion in imposing consecutive sentences or failing to consider mitigating factors — raises a substantial question. *See Blango*, 327 A.3d at 436-37; *see also Crawford*, 257 A.3d at 79; *Swope*, 123 A.3d at 337-38. Thus, on the record before us, we conclude that Van Camp's second issue is wholly frivolous.[11]

The final issue in counsel's *Anders* brief is whether the evidence was sufficient, at both trial dockets, to support the trial court's finding that Van Camp is an SVP. We consider the applicable standard of review:

> A challenge to a trial court's SVP designation presents a challenge to the sufficiency of the evidence for which our standard of review is *de novo* and our scope of review is plenary. A challenge to the sufficiency of the evidence to support an SVP designation requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth. The reviewing court must examine all of the Commonwealth's evidence without consideration of its admissibility. . . . "We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied."

---

[11] We note the certified record on appeal did not include the notes of testimony of the August 29, 2024, sentencing hearing. Upon informal inquiry by this panel, the trial court confirmed that none was produced. *See* Commonwealth's Brief at 8 (arguing that Van Camp did not obtain the sentencing transcript and this "should result in waiver of the merits"). However, as we have determined Van Camp does not raise a substantial question invoking our review, we do not reach the merits of his sentencing claims.

*Commonwealth v. Aumick*, 297 A.3d 770, 776-77 (Pa. Super. 2023) (citations and footnote omitted).

Under Subchapter H of SORNA, the SOAB must assess an individual convicted of a sexually violent offense[12] "to determine if [they] should be classified as" an SVP. 42 Pa.C.S.A. § 9799.24(b). SORNA defines an SVP as "[a]n individual who committed [an enumerated] sexually violent offense . . . who is determined to be [an SVP] under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12 (definitions). The Act defines "predatory" as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id*.

Section 9799.24(b) provides:

An assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

---

[12] Indecent assault, corruption of minors, possession of child pornography, rape, and statutory sexual assault are enumerated sexually violent offenses. *See* 42 Pa.C.S.A. §§ 9799.12, 9799.14(b)(6), (8)-(9), (d)(2)-(3).

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.24(b)(1)-(4).

This Court has explained:

The trial court's inquiry at an SVP hearing is different from the SOAB's assessment. Whereas the SOAB member must consider the fifteen factors listed in section 9799.24(b), the trial court must determine whether the Commonwealth has proven by clear and

convincing evidence that the defendant is an individual who has "a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses."

*Aumick*, 297 A.3d at 778-79 (citations omitted).

An "SOAB expert opinion falls within the general rules regarding expert witnesses." *Id*. at 778 (citations omitted).

[An] SOAB expert's opinion may be based on facts or data that the expert has been made aware of or personally observed so long as experts in the particular field reasonably rely on those kinds of facts or data in forming an opinion on the subject; the facts or data consulted need not be admissible for the expert's opinion to be admitted.

*Id*. at 781 (citation omitted). An SOAB expert may "consider more than the limited facts included in a plea colloquy, [including] records provided by state, county and local agencies, offices and entities[.]" *Id*. at 782. Such documents include an "affidavit of probable cause, criminal information, criminal complaint, preliminary hearing transcript, and [any] investigative reports prepared by Child Protective Services." *Id*. at 781.

Attorney Clabaugh suggests Van Camp's sufficiency challenge to his SVP determination is frivolous. Counsel cites Manno's testimony that she reviewed: the records at both trial dockets, including the age of the Victim and Van Camp's telling her that he was in love with her; the dates of Van Camp's offenses; the facts that there were multiple victims, including "hands-off victims [in] the pornography charges[] and a hands-on victim with the female adolescent;" and the lack of displays of unusual cruelty and lack of exceeding the means necessary to achieve the offenses. *Anders* Brief at 38.

Attorney Clabaugh thus states the record supported Manno's unchallenged opinion that Van Camp met the criteria for an SVP.

Similarly, the trial court cited Manno's consideration of: the fact there were multiple victims; "[t]he nature of the sexual contact being both 'hands off' and 'hands on;'" Van Camp's commission of the crimes at both dockets "[i]n the same short time span;" the ages of the Victim and the victims in the child pornography images; and Van Camp's admission to police that he was "addicted to child porn." Trial Court Opinion, Docket 267, 11/26/24, at 9-10. The trial court also "heavily weight[ed] Manno's opinion that [Van Camp] was predatory," where he established a relationship with her when she was a minor and commenced sexual conduct when she was eleven and twelve years old, and he was nineteen. *Id*. at 10. The trial court thus credited Manno's opinion that Van Camp was an SVP.

After review of the record, we determine the record evidence, viewed in the light most favorable to the Commonwealth, supported the trial court's determination that Van Camp is an SVP. *See Aumick*, 297 A.3d at 776-77. Manno properly considered the statutory SVP factors at 42 Pa.C.S.A. § 9799.24(b)(1)-(4). As both Attorney Claubaugh and the trial court discussed, Manno testified that: Van Camp's offenses included multiple victims, both "hands-on" and "hands-off;" between December 2019 and December 2021, he engaged in vaginal intercourse with the eleven- and twelve-year old Victim, telling "her that he was in love with her;" and between

December 2022 and March 2023, he possessed more than 1,100 images or videos depicting child pornography. N.T., 5/17/24, at 12-13. Manno also considered Van Camp's age. Relevantly, Manno found there was: no display of unusual cruelty; no indication that the Victim had decreased mental capacity; and no prior criminal offenses or illegal drug use in Van Camp's history.

Manno also explained: "[T]he DSM 5 indicates that to meet the diagnosis for a paraphilia, there has to be a period of at least six months with recurrent, intense, sexually arousing fantasies, urges or behaviors involving non-consenting adults[ or] children." *Id*. at 15. Manno then considered that between the two trial dockets, there was "approximately a year where [Van Camp] engaged in two separate deviant sexual acts involving children." *Id*. The record supported Manno's opinions that Van Camp met the diagnostic criteria for unspecified paraphilic disorder and that he was "more likely than not to engage in this type of behavior in the future." *Id*. at 16.

With respect to predatory behavior, Manno properly testified that SORNA's definition of predatory "as an act [*sic*] directed at a stranger, or a person with whom a relationship was initiated, established, maintained, or promoted in whole or in part in order to facilitate or support victimization." *Id*. at 17; *see also* 42 Pa.C.S.A. § 9799.12. Manno opined that Van Camp met this criterion, where he "established a relationship with [a] child when

she was a minor and moved that relationship into the sexual realm on more than one occasion." N.T., 5/17/24, at 17.

In light of the foregoing, we determine the record supported the trial court's determination that Van Camp met the statutory criteria for an SVP. Van Camp committed a sexually violent offense, as defined in SORNA, and the Commonwealth presented Manno's expert opinion that he suffered from a mental abnormality that made him likely to engage in predatory sexually violent offenses. *See* 42 Pa.C.S.A. § 9799.12. Accordingly, we conclude that Van Camp's final issue is wholly frivolous.

For the foregoing reasons, we determine there are no non-frivolous issues for appeal. Thus, we grant Attorney Clabaugh's petition to withdraw and affirm Van Camp's judgments of sentence.

Application to withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/28/2025

- 25 -